| | |
|---|---|
| 1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP |
| | WAYNE A. WOLFF  Bar No. 161351 |
| 2 | JOHN G. GHERINI  Bar No. 220981 |
| | One Market Plaza, Steuart Tower, 8th Floor |
| 3 | San Francisco, California 94105 |
| | Telephone: (415) 781-7900 |
| 4 | Facsimile: (415) 781-2635 |
| 5 | Attorneys for Defendants |
| | STRYKER CORPORATION, individually |
| 6 | and erroneously sued as Howmedica |
| | Osteonics Corporation and BRAD DALTON |
| 7 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRY NOTMEYER, | ) | CASE NO. C-06-04096 SI |
| Plaintiff, | ) | **STIPULATION AND PROTECTIVE ORDER RE DISCLOSURE OF CONFIDENTIAL DOCUMENTS** |
| v. | ) | |
| STRYKER CORPORATION, HOWMEDICA OSTEONICS CORPORATION AND BRAD DALTON, | ) | |
| Defendants. | ) | |

Defendants STRYKER CORPORATION and HOWMEDICA OSTEONICS CORP. (hereafter "DEFENDANTS") have been, and from time to time may be, requested to produce documents, things, and information which DEFENDANTS contend contain confidential business and/or technical information, proprietary information, trade secrets, and/or other information considered by DEFENDANTS to be confidential, including, without limitation, information which, if disclosed, would invade physician-patient privileges and privacy rights of persons not parties to this action.

In consideration thereof, the parties hereto, by and through their counsel of record, hereby stipulate and agree to the following protective order:

1. This Stipulation and Order shall apply to all documents, things, and information (hereinafter collectively referred to as "documents") designated as CONFIDENTIAL under paragraph 2 and produced by DEFENDANTS during the course of discovery and at the time of

trial, and all copies, excerpts, or summaries of the documents produced, including, without limitation, documents produced, answers to requests for admissions, answers to interrogatories, documents subpoenaed in connection with deposition testimony, and deposition transcripts (hereinafter referred to collectively as "Discovery Materials").

2. DEFENDANTS may designate as "CONFIDENTIAL" any Discovery Materials which contain confidential information, the disclosure of which to or by the receiving party would, in the good faith judgment of the producing DEFENDANTS, result in the disclosure of trade secrets, proprietary information, privileged or other confidential information of said DEFENDANTS. A CONFIDENTIAL designation shall subject the document, and its contents, to this Stipulation and Order without any further act on the part of the party desiring confidentiality.

3. The designation of documents as CONFIDENTIAL, pursuant to this Stipulation and Order, shall not be construed as a concession by DEFENDANTS that such information is relevant or material to any issue or is otherwise discoverable.

4. All such CONFIDENTIAL documents received from DEFENDANTS shall be used only by the following persons:

   a. Plaintiff and counsel of record for the respective parties to this litigation, who are signatories to this Stipulation and Order, including employees of such law firms;

   b. Any experts or consultants retained by said parties or their counsel, including secretarial and clerical personnel to said experts and/or consultants, as set forth in paragraphs 6, 7 and 8 of this Stipulation and Order;

   c. The authors, senders, addressees, and designated copy recipients of the producing party's CONFIDENTIAL documents;

   d. Any other person whom the parties may later agree in writing will be bound by the terms of this Stipulation and Order; and

   e. The Court and Court personnel, including stenographic reporters.

5. All CONFIDENTIAL documents shall be used only for purposes directly related to discovery, preparation for trial, and/or trial in this action and for no other purpose.

1  CONFIDENTIAL documents shall not be disclosed to any person, entity, or governmental
2  agency or otherwise made public except in compliance with the terms of this Order. Counsel for
3  the parties shall ensure that each of the attorneys and/or individuals associated with them by
4  employment or otherwise in the handling of this case have read and are familiar with the terms of
5  this Stipulation and Order.

6.  Counsel for the parties may disclose CONFIDENTIAL documents to experts and/or consultants contacted, utilized, retained or employed to advise or assist counsel in the preparation and trial of this case only under the conditions set forth herein and in paragraphs 7 and 8 below. Each such expert and/or consultant may be provided with a single copy of such CONFIDENTIAL documents and may not make any further copies thereof, and shall return the copy to such counsel immediately upon termination of the consulting relationship described herein, but in no event more than forty-five (45) days after entry of a final judgment in this action. Any copy of CONFIDENTIAL documents provided to any expert and/or consultant shall contain the CONFIDENTIAL designation.

7.  CONFIDENTIAL documents that are produced by DEFENDANTS may be disclosed to experts and/or retained consultants only to the extent and for the purposes provided in this Stipulation and Order. Prior to the disclosure of any CONFIDENTIAL documents, counsel for the party contacting, utilizing, retaining or employing said person, shall serve upon such expert and/or consultant a copy of this Stipulation and Order. Additionally, each expert and/or consultant shall sign a copy of this Stipulation and Order, acknowledging the terms herein. Each such signed copy of this Stipulation and Order shall be maintained by counsel retaining the expert or consultant. At the conclusion of the case, the signed Stipulation and Order will be filed with the Court under seal and copies of the same for those experts disclosed pursuant to Federal Rule of Civil Procedure 26 shall be provided to DEFENDANTS.

8.  Each person to whom disclosure of CONFIDENTIAL documents is made in accordance with paragraph 4(a), (b) or (d) of this Stipulation and Order must consent in writing to be bound by the terms of this Stipulation and Order and subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of this Stipulation



SF/1371283v1

-3-
Stipulated Protective Order

CASE NO. C-06-04096 SI

and Order.

9. All parties, counsel, consultants, experts and/or others to whom CONFIDENTIAL documents are disclosed, shall at all times keep secure all notes, abstractions, or other work product derived from or containing CONFIDENTIAL documents; shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said CONFIDENTIAL documents, notes, abstractions, or other work product, orally, in writing or by any other means to any person not also authorized to examine said documents under the terms of this Stipulation and Order.

10. The receiving party shall bear DEFENDANTS' reasonable cost of reproduction of all CONFIDENTIAL documents produced. The cost of reproduction will be set per stipulation of the parties. This fee is to be construed and intended only as a reimbursement for reproduction. It does not indicate any transfer of ownership in the reproduced CONFIDENTIAL documents. All documents or copies thereof will be returned or surrendered to the producing party at the close of this litigation. *See* paragraph 21, *infra*.

11. In order to protect against unauthorized disclosure of CONFIDENTIAL information or invasion of the physician-patient privilege and/or individual rights of privacy, and unless the Court orders otherwise, DEFENDANTS may redact from Discovery Materials all names, addresses, and other identifying information pertaining to patients, health care providers and other individuals not directly involved in this litigation.

12. Counsel for DEFENDANTS may designate a transcript, or any portion thereof, taken at any deposition or otherwise, as CONFIDENTIAL, so long as the testimony refers to or relates to the substance of any of the CONFIDENTIAL documents. Deposition transcripts or portions thereof may be designated by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control.

13. Nothing in this Stipulation and Order shall be construed to prevent any party from

making any CONFIDENTIAL documents part of the Court record in this action as may be deemed relevant in connection with any pretrial motion or at the trial of this action. If CONFIDENTIAL documents are to be filed with the Court in connection with any proceeding herein, unless Counsel for DEFENDANTS agree, or until an Order of this Court otherwise directs, all CONFIDENTIAL documents and all pages of any briefs, affidavits, transcripts, exhibits and any other papers containing quotes or summaries of CONFIDENTIAL documents which are presented to the Court shall be sealed, marked with the legend "Confidential - Not to be Opened Except by Court Order or by Agreement of All Counsel," and filed with the Clerk of the Court.

14. Nothing herein shall be construed to prevent or prejudice the right of any party to use CONFIDENTIAL documents at the deposition of any employee, former employee or expert witness.

15. Nothing in its Stipulation and Order shall be interpreted to prohibit or prevent any DEFENDANTS from using or discussing its CONFIDENTIAL documents in any way it sees fit to so use or discuss those documents, for any reason. Any such use or discussion of CONFIDENTIAL documents by the DEFENDANTS shall not be deemed a waiver of the terms of this Stipulation and Order.

16. Nothing in this Stipulation and Order shall be interpreted to require disclosure of documents which a party contends are protected from disclosure by the attorney client privilege or the attorney work-product doctrine.

17. The following procedures shall apply to any disputes arising from the CONFIDENTIAL designation of documents subject to this Stipulation and Order:

(a) If plaintiff in good faith disagrees with any DEFENDANTs' CONFIDENTIAL designation pertaining to a document that describes design, manufacturing, testing, quality assurance, quality control or returned products, plaintiff shall inform counsel for said DEFENDANTS in writing of the disagreement within fifteen (15) days of plaintiffs' counsel's receipt of the designation. Upon receipt of written notification that plaintiff disagrees with a CONFIDENTIAL designation in this category of documents, counsel for plaintiff and

1  DEFENDANTS will confer in an effort to resolve the dispute without Court intervention. If the
2  dispute is not resolved within fifteen (15) days of DEFENDANTS receipt of plaintiff's written
3  notification, plaintiff may move the Court for modification or vacation of the CONFIDENTIAL
4  designation at issue. Such application shall describe with specificity the particular materials for
5  which the designation is being challenged and set forth with specificity any and all grounds for
6  the challenge;

7  (b) With respect to any other documents or materials designated by
8  Defendants as CONFIDENTIAL, plaintiffs may challenge the designation by Defendants by
9  informing counsel for Defendants in writing within twenty-one (21) days of receiving the
10  designated materials. Upon receipt of written notification that plaintiff disagrees with a
11  CONFIDENTIAL designation in this category of documents, counsel for plaintiff and
12  DEFENDANTS will confer in an effort to resolve the dispute without Court intervention. If the
13  dispute is not resolved within twenty-one (21) days from the date of that notice, Defendants may
14  make written application to the Court to affirm the designation. Said application shall describe
15  with specificity the particular materials for which the designation is being challenged and set
16  forth with specificity any and all grounds for the "CONFIDENTIAL" designation.

17  18. Each document designated as CONFIDENTIAL shall retain that designation and
18  shall remain subject to the terms of this Stipulation and Order until such time as the Court
19  renders a decision that a particular document is not subject to this Stipulation and Order and/or
20  that the CONFIDENTIAL designation pertaining thereto should be modified or vacated, and any
21  and all proceedings or interlocutory appeals challenging such decision have been concluded.

22  19. The restrictions and obligations set forth herein relating to CONFIDENTIAL
23  documents shall not apply to any information or documents to which the parties agree, or the
24  Court rules, (i) are already part of the public knowledge, (ii) become part of the public
25  knowledge other than as a result of disclosure by a receiving party, or (iii) have come into the
26  receiving party's legitimate possession from some source other than a party to this action.

27  20. Counsel for the parties or other individuals identified in paragraph 4 of this
28  Stipulation and Order are restrained from using, disclosing or otherwise divulging the

SF/1371283v1 -6-
CASE NO. C-06-04096 SI
Stipulated Protective Order

CONFIDENTIAL documents produced by DEFENDANTS, as well as the information derived from such material, in the prosecution or defense of any case other than the above-entitled case.

21. Within forty-five (45) days after the entry of a final judgment (including resolution of appeals or petitions for review), all documents which have been designated as CONFIDENTIAL pursuant to this Stipulation and Order, and all copies, notes, abstracts, summaries, excerpts or extracts, including those in possession of counsel for the parties and in the possession of the person(s) executing the form(s) provided for in paragraphs 7 and 8 of this Stipulation and Order (excluding excerpts incorporated into any privileged or work product materials of the parties), excepting such materials which have become a part of the record in the action, shall be returned to counsel for the producing DEFENDANTS. Alternatively, privileged or work product materials into which CONFIDENTIAL documents, or information derived therefrom, have been incorporated shall be destroyed within forty-five (45) days of the entry of final judgment (including resolution of appeals or petitions for review), and written notice of such destruction shall be given counsel for the DEFENDANTS.

22. The inadvertent or unintentional production of documents containing, or otherwise disclosing, confidential, privileged, private, proprietary or trade secret information without being designated CONFIDENTIAL at the time of production or disclosure shall not be deemed a waiver in whole or in part of the producing DEFENDANTs' claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the producing DEFENDANTS becomes aware of the error.

23. Unless otherwise agreed in writing by the parties or ordered by this Court, this Stipulation and Order shall remain in effect after the final resolution of this dispute by any means, and this Court shall retain jurisdiction to enforce this Stipulation and Order.

24. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an order amending, modifying or vacating this Stipulation and Order.

```
1   DATED: December 6, 2006        HERSH & HERSH
2
3
                                    By: _____
4                                      Rachel Abrams, Esq.
                                       Attorneys for Plaintiff
5                                      Barry Notmeyer

6   DATED: December 6, 2006        SEDGWICK, DETERT, MORAN & ARNOLD LLP
7
8
                                    By: _____
9                                      Wayne A. Wolff
                                       John G. Gherini
10                                     Attorneys for Defendants Stryker Corporation and
                                       Howmedica Osteonics Corporation
11
```

**IT IS SO ORDERED**

Judge Susan Illston

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

-8-
Stipulated Protective Order

CASE NO. C-06-04096 SI