IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BARRY NOTMEYER,                                                         No. C 06-04096 SI

        Plaintiff,                                                            **ORDER RE: DISCOVERY**

  v.

STRYKER CORP., et al.,

        Defendants.
                                           /

Via letter briefs, the parties seek the Court's intervention in three discovery disputes. The Court rules as follows.

In the first dispute, raised via letter brief dated June 7, 2007, plaintiff seeks to compel additional responses to two requests for production, and seeks dates for certain depositions. Plaintiff's request appears moot; defendants responded to the motion in a letter brief dated June 11, 2007, and agreed to produce the documents at issue.[1] Defendants also represented that the parties had agreed upon a schedule to complete the depositions at issue. Accordingly, the Court DENIES AS MOOT plaintiff's motion to compel.

In the second dispute, raised via letter brief dated June 25, 2007, plaintiff seeks to compel production of documents related to manufacturing defects, and identification of a Person Most Knowledgeable on manufacturing defects. As defendants correctly point out, plaintiff fails to identify the specific document requests to which plaintiff seeks additional response. Similarly, plaintiff fails to

---

[1] Although the issue is moot, defendants nonetheless submitted a seven-page letter brief with multiple attachments. The Court reminds the parties that, pursuant to this Court's standing order, discovery-related letter briefs are limited to five pages in length.

identify the specific topics on which defendants have failed to identify a Person Most Knowledgeable. As such, the Court must DENY plaintiff's requests. *See* Civil Local Rule 37-2 ("[A] motion to compel further responses to discovery requests must set forth each request in full, followed immediately by the objections and/or responses thereto. For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery . . . .").

In the third dispute, raised via letter brief filed June 29, 2007, defendants seek to compel production of the subject femoral head for inspection by defendants' experts. Defendants have also filed an application to shorten time on the motion to compel. In response, plaintiff argues that defendants requested production of the femoral head late in the discovery period, without giving plaintiff the full benefit of the thirty-day period provided for by Federal Rule of Civil Procedure 34 within which to complete production. Plaintiff also argues that defendants had possession of the subject femoral head for three months in 2005. Nonetheless, the Court GRANTS defendants' request. Defendants have not had possession of the subject femoral head since before plaintiff filed this action. Furthermore, defendants gave plaintiff notice of their desire to re-inspect the femoral head several weeks before the close of discovery. Moreover, though plaintiff has asserted a manufacturing defect theory in the past, such theory has only recently moved to the forefront of the case. Finally, plaintiff articulates no prejudice it will suffer by allowing defendants further inspection of the femoral head. The Court therefore GRANTS defendants' motion to compel immediate production of the subject femoral head for inspection. Defendants' application to shorten time is DENIED AS MOOT. The Court EXTENDS the current July 6, 2007 deadline for exchange of expert reports, to July 9, 2007.

[Docket Nos. 54, 59, 61, 64]

**IT IS SO ORDERED.**

Dated: July 3, 2007

SUSAN ILLSTON
United States District Judge